UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.                                                                         CRIMINAL ACTION NO. 3:11-CR-10-S

YOANY CRUZ-LOPEZ
YANKIEL CRUZ-LOPEZ                                                                     DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court for review of the report and recommendations of the magistrate judge, and objections thereto, regarding the motions to suppress evidence by the defendants, Yoany Cruz-Lopez and Yankiel Cruz-Lopez (collectively, "Defendants").

Defendants, along with nine other individuals, were charged by federal indictment with conspiracy to possess with intent to distribute 1000 kilograms or more of marijuana in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(vii). An investigation by the Louisville Metro Police Department culminated in the execution of two search warrants at an automobile repair shop operated by Defendants, which led to their arrests. Defendants now challenge the adequacy of each search warrant affidavit to establish probable cause for the searches. Defendants argued in their motions to suppress that the information contained in the affidavits is stale and comes from uncorroborated tips of unnamed confidential informants of unknown veracity and reliability (DNs 115, 136). This matter was referred to the magistrate judge, who concluded in his Findings of Fact, Conclusions of Law and Recommendation (DN 196) that Defendants' motions should be denied. Defendants then filed their objections (DN 205).

We give deference to the findings of fact of the magistrate judge. Defendants' objections to the magistrate judge's report do not challenge any specific finding of fact by the magistrate. Without any specific findings to review, we accept the magistrate judge's findings of fact in their totality. 28 U.S.C. § 636(b)(1). Defendants also have not set forth any specific objections to the magistrate judge's conclusions of law. Nevertheless, we conduct a *de novo* review of those conclusions. In a careful and well-reasoned opinion, the magistrate judge concluded that Defendants' motions to suppress should be denied in their entirety. No hearing is necessary because the probable cause standard is satisfied within the four corners of the affidavits.

The Fourth Amendment provides that "[n]o warrant shall issue but upon probable cause, supported by oath or affirmation." U.S. Const. amend. IV. Probable cause has been defined as being "reasonable grounds for belief, supported by less than *prima facie* proof, but more than mere suspicion" and exists "when there is a 'fair probability' given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place" on a given occasion. *United States v. Lattner*, 381 F.3d 947, 951 (6th Cir. 2004), *cert. denied*, 543 U.S. 1095 (2005) (citing *United States v. Davidson*, 936 F.2d 856, 859 (6th Cir. 1991)). When a magistrate judge is determining the existence of probable cause for a warrant, the magistrate judge must look at the totality of the circumstances and "make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying [any] hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238-39, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The totality of the circumstances test does not require a guarantee that criminal activity will be discovered, only adequate evidence in the affidavit to satisfy

the court that a probability exists of finding criminal activity. *Hale v. Kart*, 396 F.3d 721, 725 (6th Cir. 2005). "[T]he duty of the reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." *Illinois*, 462 U.S. at 238-39. The findings of the magistrate judge who issued the search warrant are entitled to "great deference" and "will be overturned only if this Court finds them to be arbitrary." *United States v. Thomas*, 605 F.3d 300, 307 (6th Cir. 2010). "We must be cautious not to partake in an after-the-fact scrutiny that takes the form of a *de novo* review." *Id*. (quoting *Illinois*, 462 U.S. at 236).

Defendants argue that the information in the affidavits comes from uncorroborated tips from unnamed confidential informants of unknown veracity and reliability. It is well established that probable cause may be based upon information provided by a confidential informant, "so long as the issuing judge is reasonably assured that the confidential informant was credible and the information was reliable." *United States v. Miller*, 314 F.3d 265 (6th Cir. 2002), *cert. denied*, 539 U.S. 908, 123 S.Ct. 2261, 156 L.Ed.2d 121 (2003). "Sixth Circuit precedent clearly establishes that the affiant need only specify that the confidential informant has given accurate information in the past to qualify as reliable." *United States v. Greene*, 250 F.3d 471, 479-80 (6th Cir. 2001). Only in circumstances where the search warrant affidavit completely fails to contain any indicia of an informant's reliability within its four corners, is independent police corroboration of the unnamed informant's accusations necessary for a finding of probable cause. *United States v. Frazier*, 423 F.3d 526, 532 (6th Cir. 2005) (citing *United Staets v. Woosley*, 361 F.3d 924, 927 (6th Cir. 2004)). Even when corroboration is necessary, the information provided by the informant need only be "corroborated to some degree." *United States v. Dyer*, 580 F.3d 386, 392 (6th Cir. 2009).

Both of the search warrant affidavits at issue relied on information from the same undisclosed confidential informants. The magistrate judge concluded that the search warrant affidavits contain repeated confirmations of various pieces of information provided to the officer by these informants. The officer had independently confirmed information about Defendants' automobile repair shop. The officer also discovered prior arrests of Defendants for obscuring the identity of a machine, criminal possession of a forged instrument and illegal possession of a manufacturer's VIN plate. There was ample other independent corroborative evidence to indicate reliability of the undisclosed informants. Therefore, the court rejects the claims of Defendants that the officer's affidavits failed to set forth a substantial basis on which to find probable cause.

Defendants further challenge the search warrant affidavits on the basis that information provided in the affidavits was stale. Generally, an affidavit offered in support of a search warrant is required to contain "facts so closely related to the time of the issuance of the warrant as to justify finding a probable cause at that time." *Sgro v. United States*, 287 U.S. 206, 210, 53 S.Ct. 138, 77 L.Ed. 260 (1932). Once incriminating information contained in a search warrant affidavit becomes too old, or "stale," such information may not be properly used in the determination of probable cause. *United States v. Frechette*, 583 F.3d 374, 377 (6th Cir. 2009) (citing *United States v. Spikes*, 158 F.3d 913, 923 (6th Cir. 1998)). In determining whether information contained in a search warrant affidavit has become stale requires the Court to take into account such factors as:

> (1) the character of the crime (chance encounter in the night or regenerating conspiracy?); (2) the criminal (nomadic or entrenched?); (3) the thing to be seized (perishable and easily transferable or of enduring utility to its holder?); and (4) the place to be searched (a mere operational base or a mere criminal forum of convenience?).

*United States v. Abboud*, 438 F.3d 554, 572-73 (6th Cir. 2006); *see also United States v. Canan*, 48 F.3d 954, 958-59 (6th Cir. 1995), *cert. denied*, 516 U.S. 1050 (1996); *United States v. Johnson*, 34 F.Supp.2d 535, 542 (E.D. Mich. 1998).

The magistrate judge concluded that both of the search warrant affidavits were timely and not based on stale information. The first search warrant was issued for the property on which Defendants operated their automobile repair business. The first search warrant affidavit included information from informants that revealed a longstanding, ongoing criminal enterprise dedicated to the importation and alteration of stolen automobiles and illegal drug distribution. This was confirmed by multiple law enforcement agencies investigating the property and the criminal history of the individuals. Some of the informant information included in the search warrant affidavit was three weeks old or older. However, the ongoing nature of the criminal enterprise set forth in the affidavit supports the magistrate judge's conclusion that the information was not stale. "When ongoing or continuous criminal activity is alleged, time is less significant." *United States v. Hall*, 8 Fed. Appx. 529, 533-34 (6th Cir. 2001); *see also United States v. Yates*, 132 F.Supp.2d 559, 564-65 (E.D. Mich. 2001) (seven-month-old home telephone records in marijuana distribution case were not stale given the ongoing business relationship among the informants and the defendant that established a pattern of criminal activity).

The second search warrant also encompassed the property on which Defendants operated their automobile repair business, but specifically named a tractor-trailer located on that property, in order to ensure a lawful entry of law enforcement officers into that tractor-trailer. In addition to the information contained in the first search warrant affidavit, the second affidavit included all of the police officers' observations of Defendants' automobile repair business and the results of searches

pursuant to lawful stops of vehicles leaving the repair shop earlier that evening. This information was obtained hours before the making of the second search warrant affidavit and therefore, was not stale.

The magistrate judge further relied on the inevitable discovery doctrine in concluding that Defendants' motions to suppress should be denied. The magistrate judge found that under the analysis set forth by the United States Court of Appeals for the Sixth Circuit in *United States v. Garcia*, the evidence seized during the execution of the first search warrant would have inevitably been discovered by law enforcement officers through their routine procedures. 496 F.3d 495, 506 (6th Cir. 2007). The magistrate judge thus concluded that even if the first search warrant was infirm, the questioned evidence should not be suppressed. We agree that the facts found by the magistrate judge lead to the inevitable discovery of the questioned evidence by lawful means. Thus, the magistrate judge's conclusion in this regard is without error.

Last, the magistrate judge relied on the good faith exception to the warrant requirement to support his conclusion that Defendants' motions to suppress should be denied, reasoning that even had both search warrants been invalid, the officers acted in good faith in reliance upon the search warrants at all times. The Supreme Court decision *United States v. Leon* established that the exclusionary rule does not apply when law enforcement officers, in good faith, reasonably rely on a search warrant that is ultimately determined to be inadequate. 468 U.S. 897, 920, 104 S.Ct. 3405, 82 L.Ed.2d 677(1984). The magistrate judge concluded that the search warrant affidavits prepared by the officer, along with the manner of their issuance by the Kentucky district courts, confirm the objectively reasonable reliance of the law enforcement officers upon the issuance of the warrants.

Therefore, the good faith exception serves as an independent basis for the court to deny the Defendants' motions to suppress.

Defendants' objections to the magistrate judge's report offer nothing new. Defendants simply incorporate previous arguments and case law. These arguments were considered and rejected by the magistrate judge in a thorough analysis of both fact and law. The court has conducted a *de novo* review of the conclusions reached by the magistrate judge. The court has also reviewed the affidavits filed in support of the warrant applications and all other materials considered by the magistrate judge. The court concludes that the magistrate judge correctly decided the suppression issue.

Therefore, **IT IS HEREBY ORDERED AND ADJUDGED** that the objections of the Defendants, Yoany Cruz-Lopez and Yankiel Cruz-Lopez, to the report and recommendation of the magistrate judge (DN 196) are without merit and are **OVERRULED**, and the Findings of Fact, Conclusions of Law and Recommendation of the United States Magistrate Judge (DN 196) is **ACCEPTED AND ADOPTED IN ITS ENTIRETY**. The motions of Defendants to suppress evidence (DNs 115, 136) are accordingly **DENIED**.

November 3, 2011

**Charles R. Simpson III, Judge**
**United States District Court**